**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MARIO PATINO,
CDCR #F05346,

Plaintiff,

vs.

D. DOMINGUEZ, et al.,

Defendants.

Case No.:  3:25-cv-0589-BAS-KSC

**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH FEDERAL RULES OF CIVIL PROCEDURE 8(a) and 10 AND FOR FAILURE STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**

**BACKGROUND**

Mario Patino ("Patino" or "Plaintiff"), a prisoner currently confined at Centinela State Prison ("CEN"), is proceeding pro se with a civil action pursuant to 42 U.S.C. § 1983.[1] This Court screened Patino's original complaint and dismissed it for failure to state a claim. (ECF No. 13.) The Court granted Plaintiff leave to amend his pleading and, after two extensions of time (ECF Nos. 15, 17), Patino has filed a First Amended

---

[1] This case was originally filed in the United States District Court for the Central District of California on November 22, 2024. (*See* ECF No. 1.) That court granted Plaintiff's motion to proceed in forma pauperis ("IFP") on January 24, 2025. (ECF No. 6.) On March 10, 2025, however, that court found venue was proper in the Southern District of California and transferred the case to this Court. (ECF No. 10.)

1

Complaint. (ECF No. 18.) For the reasons discussed below, the Court DISMISSES the FAC without prejudice.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(e) AND § 1915A(b)

**A.    Legal Standard**

As with his original complaint, because Plaintiff is proceeding IFP, the Court must screen his FAC and sua sponte dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), to the extent it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

**B.    Allegations in Plaintiff's FAC**

Patino alleges very few facts in his FAC. He states that on October 18, 2023, a correctional officer "removed [his] religious necklace" without a "valid or security justification." (ECF No. 18 at 2.) He states the necklace holds significant religious meaning for him and is "a required article of faith" for his religious beliefs. *Id.*

Patino claims that the removal of his necklace was in violation of his rights under the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and California state regulations. (*Id.* at 2–3.) He seeks a declaratory judgment, an injunction ordering the return of his necklace, and unspecified compensatory and punitive damages. (*Id.* at 5.)

**C.    Discussion**

**1.    *Federal Rules of Civil Procedure 8 and 10***

The FAC must be dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 10. First, Rule 8(a) of the Federal Rules requires that each complaint filed in federal court contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As noted above, detailed factual allegations are not required but, at a minimum, a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (2009) (stating that the Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Here, Plaintiff's FAC violates Rule 8 because it fails to give any defendant adequate notice of the claims against them. As noted above, Plaintiff purports to assert three claims. (*See* ECF No. 18 at 2–3.) However, no names are mentioned in the factual summary or in the section where Plaintiff sets forth these three claims. Indeed, no name is mentioned in the body of the FAC. (*See id.*) The FAC's caption lists only "D. Dominguez, et al. DEFENDANTS." (*Id.* at 1.) And in the section of the FAC entitled "Parties," Plaintiff merely states "Defendants are prison officials and/or employees of Centinela state Prison who were responsible for or directly involved in the removal and withholding of Plaintiff's religious necklace." (*Id.* at 2.) Without a clear indication as to which defendants are being sued on which respective grounds, as well as specific allegations showing what each Defendant did to violate Plaintiff's rights, Plaintiff cannot proceed in this action. As stated in this Court's order dismissing the original complaint, an amended complaint "must be complete by itself without reference to previous pleadings." (ECF No. 13 at 7 (citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542,

1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.")).

In addition, the FAC also violates Rule 10(a), which provides that the "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Here, the caption/title of the FAC includes only one name, "D. Dominguez," followed by "et al." (ECF No. 18 at 1.) This does not satisfy Rule 10(a). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–-63 (9th Cir. 1992). To the extent Plaintiff may presume the Court will infer the "et al." in the FAC's caption references the other defendants named in the original complaint, it may not do so. *Id.* at 1262 (stating a federal court is precluded from referencing an original complaint which contained a caption listing other defendants because the amended pleading supersedes the original) (citing *Hal Roach Studios*, 896 F.2d at 1546 ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original.")).

Thus, because Plaintiff has failed to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(a), the FAC must be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### 2.    *Dominguez*

In addition, the Court notes that to the extent the FAC lists "D. Dominguez" as a defendant in the caption, Plaintiff fails to state a claim against him because, as noted above, he has failed to allege any specific facts as to conduct by Dominguez in the body of the FAC. To state a plausible claim against any defendant, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations as to each defendant sufficient to state a plausible claim. *Iqbal*, 556 U.S. at 678–79. A person may be liable under § 1983 for an affirmative act, participation in another's affirmative acts, or omission of an act that he is legally required to do, causing the deprivation of a constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**D.    Leave to Amend**

In light of the above and Plaintiff's pro se status, the Court grants Plaintiff to amend his pleading and address the deficiencies identified above. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## CONCLUSION AND ORDER

For above reasons, the Court:

1.      **DISMISSES** Plaintiff's First Amended Complaint (ECF No. 18) in its entirety for failure to failure to comply with Federal Rules of Civil Procedure 8(a) and 10(a), and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

2.      **GRANTS** Plaintiff **forty-five (45)** days leave from the date of this Order in which to file a Second Amended Complaint which cures the pleading deficiencies discussed above. Plaintiff's Second Amended Complaint <u>must be complete by itself without reference to his previous pleadings</u>. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."). The Second Amended Complaint <u>must also list the names of all Defendants Plaintiff means to sue in the proper space in the caption of the pleading</u>. *See Ferdik*, 963 F.2d at 1260–61.

If Plaintiff fails to timely file a Second Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

**DATED: February 4, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

5